## THELMA LEE JONES V. THE STATE.

No. 18922. Delivered April 7, 1937.

The opinion states the case.

*G. C. Lowe* and *Clyde E. Smith*, both of Woodville, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for life.

Appellant made a confession in which she admitted that she killed her baby immediately after it was born, and buried it in her yard. Omitting the formal parts, the confession reads as follows:

"Thursday night, October 31st, 1935, I gave birth to a baby boy at the home of my grandmother, Dina Summers, in the town of Woodville, Tyler County, Texas. After it was born I immediately took it out thru the kitchen into the back yard; I

carried it out by holding it by the neck and when I got out there I strangled it and took my hands and mashed the back of its head in; it cried after it was born and was alive, but after I mashed its head in it died immediately; I then wrapped it up and left it in the kitchen during Thursday night and buried it in the back yard about 20 or 25 feet from the kitchen about 8:00 o'clock the next morning. The reason I killed this baby was because I was unable to take care of it. I did not bury it very deep, because I did not know how. I burried it Friday morning, November 1st, 1935. My grandmother, Dina Summers, Elizabeth Franklin and Rose Ellen Franklin were there at the house that night, but I do not know whether Rose Ellen was in the house at the time the child was born, but Elizabeth Franklin and my grandmother were. At the time the baby was born, I asked Elizabeth Franklin to excuse the room (meaning 'leave the room'). I used a little cut-off hoe to dig a part of the hole in which I buried the baby, but the hoe broke; I then finished digging the hole with an ax; I did not wrap the baby in anything when I buried it."

The physician who examined the body of the infant testified, in part, as follows: "In examining the body of the infant I found that there was a fracture or crushing over the left ear and left temple of considerable length and breadth. It was a fracture in the skull over the left ear. In my opinion as a physician and surgeon and from the experience that I have had as a physician and surgeon, the wound or fracture of the skull was sufficient to have caused the death of that infant."

Elizabeth Franklin, a witness for the State, gave testimony sufficient to show that the baby had been born alive.

Appellant did not testify, but introduced witnesses who expressed the opinion that she did not know right from wrong.

It was alleged in the indictment that the infant was killed "by then and there crushing the skull of the said infant child by some means to the grand jurors unknown." Appellant's confession was taken on the 6th of November, 1935, and remained in the possession of the district attorney until the grand jury met at the March term, 1936. Referring to the confession, the district attorney testified as follows: "I don't remember the details of the investigation, but I am quite sure that the grand jury had it. I know that I told them that I had it and if they had requested me to produce it I would have done so. I am morally certain that I did produce it." One of the grand jurors testified that prior to the return of the indictment the grand jury "tried to ascertain as best they could" the means that were

used to kill the child. He said: "We were not able to ascertain those things prior to the return of the bill of indictment." In view of the fact that the district attorney had in his possession the confession of appellant, which the State was largely relying upon for a conviction, and that in said confession appellant specifically stated the means used in committing the homicide, we are of opinion that the proof fails to support the averment in the indictment that the means used was to the grand jurors unknown. In 22 Texas Jur., 622, it is said: "The means, instrument or weapon used in committing the homicide must be described, or, if not known, that fact must be stated." Also it is the rule that the State must show that the deceased was killed "in the manner and by the means alleged in the indictment." 22 Texas Jur., 623. See also Carr v. State, 190 S. W., 727. It follows that we are constrained to hold that reversible error is presented.

It is observed that the State failed to offer any proof to rebut the testimony of appellant's witnesses to the effect that, in their opinion, appellant was insane. The failure in this regard presents a serious question. If such proof was available it would appear that the State should have produced it.

Appellant objected to the charge of the court upon the ground that it failed to advise the jury that she could not be convicted alone upon her confession. While not predicating a reversal on the failure to charge the jury as requested, we are inclined to think the exception should have been responded to. The sufficiency of the corroboration was for the jury.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.